407 So.2d 1339 (1981)
Nguyen VAN DUNG, Plaintiff-Appellee,
v.
TEL AG SERVICES, INC., Defendant-Appellant.
No. 8571.
Court of Appeal of Louisiana, Third Circuit.
December 16, 1981.
Ben C. Bennett, Jr., Marksville, for defendant-appellant.
Pavy, Hebert & Carriere, Donald W. Hebert, Opelousas, for plaintiff-appellee.
Before FORET, SWIFT and LABORDE, JJ.
*1340 LABORDE, Judge.
Nguyen Van Dung brought this suit for the balance in wages allegedly due him under an employment contract entered into with Tel Ag Services, Inc., wherein plaintiff was to perform services as a helicopter pilot for the defendant's crop dusting business. Plaintiff also sought penalties and attorney's fees pursuant to LSA-R.S. 23:631 and 632. Following a jury trial, plaintiff was awarded $10,441 in back wages along with attorney's fees in the amount of $3,480.33 Plaintiff's claim for penalties was denied. From the judgment, defendant appealed and plaintiff answered the appeal.
The issues involve the construction of the employment contract and the applicability of LSA-R.S. 23:631 and 632. We amend and affirm.

FACTS
On February 8, 1979, plaintiff and defendant entered into a contract of employment. Plaintiff agreed to perform services as a helicopter pilot for the defendant's crop dusting business. The employment contract covered one crop year commencing February 7, 1979, and ending December 31, 1979. Plaintiff, under the terms of the contract, agreed to devote his entire occupational time and energy to the performance of his duties as provided by the contract.
Defendant, in return for plaintiff's services, agreed to compensate him with a guaranteed salary of $1,000 per calendar month. Defendant also agreed that "when and if Tell [sic] Ag Service, Inc. shall have done a gross business of $48,000.00 then the said Nguyen Van Dung shall be entitled to ¼ of said gross profit and Tell [sic] Ag Service, Inc. shall be entitled to a credit in the sum of monies already paid to Nguyen Van Dung." Additionally, the parties agreed that defendant would pay all maintenance and insurance expense associated with aircraft equipment or other items used in its crop dusting business.
According to the facts established at trial, plaintiff performed flying services for the entire crop year of 1979 pursuant to the employment agreement. Throughout that year, plaintiff was paid $1,000 for eleven months and in November of 1979 he also received from defendant a payment of $5,000.
At the close of the contract term, plaintiff determined that defendant had earned a gross profit of $105,767 attributed to plaintiff's flying services. Plaintiff, claiming that under the contract one fourth of this amount less credits was owed him, made several demands for its payment. Defendant refused, justifying his refusal on the basis that gross profit as used in the contract was intended by him to mean gross receipts less expenses. Institution of this suit followed.

INTERPRETATION OF THE EMPLOYMENT CONTRACT
Three of defendant's assignment of errors center upon the proper interpretation to be given Section 3 of the employment contract. Section 3, reproduced below,[1] sets forth the manner in which plaintiff was to be compensated for his services.
In his first assignment of errors, appellant argues that the terms "gross business" and "gross profit" render the contract vague and susceptible to differing interpretations and as a result, defendant should have been permitted to introduce evidence to show the true intention of the parties.
Civil Code Articles 1945 et seq. set forth several axioms of contract interpretation. *1341 Those applicable here include the well settled one that courts are bound to give legal effect to all contracts according to the true intent of the parties. It is equally well settled that the intent is to be determined by the words of the contract when they are clear and explicit and lead to no absurd consequences. LSA-C.C. art. 1945. In addition, all clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act. LSA-C.C. art. 1955.
The issue of whether the contract was ambiguous was raised in and decided by the lower court. After a lengthy probing, the court found the contract to be unambiguous and stated that extrinsic evidence would not be admitted to expand its terms. The matter proceeded to trial and at its conclusion, the jury was instructed in accordance with the principles set forth above. Presumably following these instructions, the jury determined that the parties, by their contract, intended the terms "gross business" and "gross profit" to have the same meaning.
Upon our reading of the entire contract in the case at hand, especially Section 4 wherein defendant agreed to pay all expenses associated with its crop dusting business, we agree that its terms are clear and explicit and that the interpretation arrived at by the jury is one which leads to no absurd consequences.
In spite of the court's ruling that the contract was unambiguous and that extrinsic evidence would not be allowed to expand its terms, the court, nonetheless, throughout the trial allowed testimony regarding income and expenses of the business as well as evidence relative to the gross business and gross profit of defendant's crop dusting business for the 1979 crop year. Part of this additional evidence was a U.S. Partnership Return of Income prepared on behalf of plaintiff and defendant and filed by them for the year 1979. Line 1-a indicated gross receipts of $105,767.05. Line 2, where cost of operations, if any, should be listed, showed none. Line 3 indicated gross profits of $105,767.05. We mention this merely to show that the jury's conclusion that the parties intended the terms "gross business" and "gross profit" to have the same meaning, is a reasonable one and will not be disturbed on appeal.
Defendant next argues that it was error for the judge to allow a jury to interpret the contract. We disagree. The interpretation of a contract is a question of fact, not of law. The record shows the jury performed the function it was called upon to performthat of determining the meaning of the contract. This second assignment lacks merit.
Defendant's next assignment of error is similar to its first. In the third assignment, defendant states that the jury failed to consider the wording of section 3 of the contract, especially the terms "gross business" and "gross profit." We feel our discussion under the first assignment of error is equally applicable here. Defendant in his third assignment also states that in a doubtful case, a contract must be interpreted against the one who prepared it. While this is a correct statement of law, (See LSA-C.C. art. 1957), it has no application here for two reasons: It has not been shown that this is a doubtful case, and the record does not indicate that plaintiff was responsible for preparation of the contract. Defendant's third assignment of error lacks merit.
Upon our review, we hold that the judge's ruling that the contract was unambiguous and the jury's conclusions regarding the contract are amply supported by the record and are affirmed on appeal.

PENALTIES AND ATTORNEY'S FEES
Under LSA-R.S. 23:632 the jury denied plaintiff's claim for penalty wages but awarded him $3,480.33 in attorney's fees. Defendant appealed arguing that an award of attorney's fees is improper where plaintiff's *1342 claims for penalty wages is denied and that in any event, plaintiff had no cause or right of action under these statutes. Plaintiff answered the appeal and asked that penalty wages be awarded and that the award of attorney's fees be increased due to additional work required on appeal.
Turning first to the matter of plaintiff's rights under these statutes, the record shows that plaintiff was hired for a period of one crop year commencing February 7, 1979, and ending December 31, 1979. During that term, plaintiff's pay was to be $1,000 per month guaranteed, but when and if defendant did a gross business of $48,000 then plaintiff would be entitled to one fourth less a credit for sums already paid. These facts are reiterated merely to emphasize that plaintiff's rate of pay was indefinite and that his employment was not by the hour, the day, the week, or the month. Hence the statutes are inapplicable to the situation involved in this action. Gatti v. Southern Research Company, Inc., 271 So.2d 376 (La.App.2d Cir. 1972); and Benham v. Guilbeaux, 356 So.2d 1062 (La. App.3rd Cir. 1978), writ refused, 358 So.2d 642 (La.1978).
Our determination that plaintiff does not come within the purview of these statutes pretermits a discussion of the remaining issues concerning their application.
For the above reasons, the judgment of the lower court is amended to exclude the award of attorney's fees to plaintiff. In all other respects, it is affirmed. Costs of this appeal are assessed one-half to defendant-appellant and one-half to plaintiff-appellee.
AMENDED, AND AFFIRMED AS AMENDED.
SWIFT, J., concurs in the result.
NOTES
[1] "Nguyen Van Dung shall be paid, by Tell Ag Service, Inc., for his services as follows: (a) a guaranteed $1000.00 per calendar month, payable on or before the 5th of each month, commencing with the month of February, 1979 in which month he shall be paid as of contract date. (b) when and if Tell Ag Service, Inc. shall have done a gross business of $48,000.00 then the said Nguyen Van Dung shall be entitled to ¼ of said gross profit and Tell Ag Service, Inc. shall be entitled to a credit in the sum of monies already paid to Nguyen Van Dung."