408 So.2d 1341 (1982)
Patricia McCarthy, Wife of Neal PENDLETON; Jacquelin Ann DeLaune, Wife of Gerald DeLaune; Virginia Fremaux, Wife of L. C. Soileau, III; Rosemary Fremaux, Wife of Robert Schlicher, Jr.; and Edward C. Fremaux
v.
SHELL OIL COMPANY.
No. 81-C-1741.
Supreme Court of Louisiana.
January 25, 1982.
Rehearing Denied February 19, 1982.[*]
Stanley McDermott, Jr., and Stanley McDermott, III of Montgomery, Barnett, Brown & Read, Craig R. Nelson of Hulse, Nelson & Wanek, New Orleans, for defendant-applicant.
Alonzo T. Stanga, III, Metairie, for plaintiff-respondent.
MARCUS, Justice.
Plaintiffs,[1] lessors of a certain portion of ground, filed a rule to show cause why Shell Oil Company, lessee, should not be ordered to deliver possession of the premises to them. The property is located at the southwest corner of the intersection of North Causeway Blvd. and Veterans Memorial Highway in Metairie, Louisiana. Shell originally leased the property from Luchester McCarthy in 1957.[2] The lease provided for a fifteen-year term at a rental of $375 per month, at the end of which Shell, at its option, could extend the lease an additional *1342 five years at an increased rent of $600 per month. In accordance with the lease, Shell constructed an automobile service station on the premises in 1959. Shell continued to operate the service station over the next ten years and, on June 13, 1969, entered into a new lease agreement covering the same premises in contemplation of renovating and modernizing the facility. Under the terms of the new lease, Shell agreed to pay, effective August 1, 1969, a monthly rental of $600 through February 28, 1985, at which time, the lease provided for two consecutive five-year options at a monthly rental of $900. Immediately prior to the effective date of the new lease (the 1969 lease) on July 31, 1969, the original lease (the 1957 lease) was terminated by a written agreement between the parties. In 1979, Shell demolished the old service station building constructed in 1959 and installed a self-service facility. On adjacent property, previously leased from another owner in 1958, Shell built a four-bay service station.
Plaintiffs brought this eviction action alleging that under the terms of the 1957 lease, plaintiffs became the owners of the service station building when the lease was terminated on July 31, 1969, and that demolition of their service station in 1979 constituted a breach of the 1969 lease. Shell answered denying any breach of the lease. After a hearing, the trial judge, finding that the lease had in fact been breached by Shell's rebuilding the new service station on adjacent property rather than on plaintiffs' property, rendered a judgment of eviction ordering Shell to deliver possession of the premises to plaintiffs. The court of appeal affirmed holding that the service station constructed on the property in 1959 became plaintiffs' property in 1969 when the 1957 lease terminated and that demolition of the building constituted a breach of the 1969 lease.[3] On Shell's application, we granted certiorari to review the correctness of that decision.[4]
The sole issue presented for our determination is whether Shell breached the 1969 lease.
Legal agreements have the effect of law upon the parties and the courts are bound to give legal effect to all such contracts according to the true intent of all the parties. La.Civ.Code art. 1945. All clauses of agreements are interpreted the one by the other, giving to each the sense that results from the entire act. La.Civ.Code art. 1955.
The ownership of the building constructed by Shell in 1959 is covered by paragraph 14 of the 1957 lease which provides:
All buildings and improvements constructed, installed or placed on the premises by Shell, at any time during the term of this lease or any extension thereof or any tenancy thereafter, shall become Lessor's property at the termination of this lease or any tenancy thereafter.
Under the terms of this provision, the parties intended that Shell retain ownership of any buildings constructed by it until the "termination of this lease or any tenancy thereafter" (emphasis added). While it is true that the 1957 lease was terminated by mutual agreement on July 31, 1969, this agreement was reached in contemplation of a new lease effective August 1, 1969. Inasmuch as Shell continued to occupy the premises under a new lease, the new lease between Shell and plaintiffs constituted a "tenancy thereafter" within the terms of the 1957 lease. Hence, ownership of the service station building continued in Shell despite the termination of the 1957 lease.
The controlling provisions of the 1969 lease with respect to the parties' rights in the building are as follows:
1. DEMISE. Lessor hereby leases to Shell, and Shell hereby leases from Lessor, *1343 the following described land situated at S/W corner of Veterans Memorial Highway and N. Causeway Blvd. in Metairie, Parish of Jefferson, State of Louisiana:
That portion of ground situated in the Parish of Jefferson, State of Louisiana, in the subdivision known as Harlem Avenue measuring as follows:
....
The property above specifically described... together with all rights, privileges and appurtenances thereto (and which with the land, are herein collectively called "premises").
5. USE OF PREMISES. Shell shall have the rights, at Shell's expense: to enter the premises, at any time after the date of this Lease, for the purpose of making investigations and surveys; to use the premises for any lawful purpose; to construct and install on the premises, and paint in colors of Shell's selection, an automobile service station, and any additional buildings, improvements and equipment (including advertising signs and billboards) that Shell may desire; and to make any alterations that Shell may desire in the premises and the buildings, improvements and equipment at any time located thereon.
14. REMOVAL  SURRENDER  FORFEITURE. All buildings and improvements constructed, installed or placed on the premises by Shell, at any time during the term of this lease or any extension thereof or any tenancy thereafter, shall become Lessor's property at the termination of this lease or any tenancy thereafter.
It is evident from the terms of the 1969 lease that it is a ground lease.[5] Thus, plaintiffs did not purport to own the building or seek to include it in the leased premises. Moreover, under paragraph 5, Shell has the right "to use the premises for any lawful purpose; to construct and install on the premises ... an automobile service station, and any additional buildings ...; and to make any alterations that Shell may desire in the premises and the buildings." Nowhere in the lease was Shell prohibited from demolishing any building. To the contrary, Shell was authorized to make any alterations that it desired. Reading the lease as a whole, this would include the right of Shell to tear down the old service station constructed and owned by it and to rebuild a new self-service facility. Plaintiffs' rights to buildings and improvements constructed on the leased premises by Shell during the term of the lease are governed by paragraph 14 which provides that they "shall become Lessor's property at the termination of this lease." Hence, plaintiffs will gain ownership of any buildings and improvements constructed by Shell at the termination of Shell's occupancy. Plaintiffs are not, however, entitled to interfere with Shell's unlimited right to use the premises pursuant to paragraph 5. Accordingly, inasmuch as Shell owned the building with a right to make any alterations and without any prohibition against demolishing it, coupled with an unlimited right to use the property for any lawful purpose, we do not consider that Shell breached the lease by demolishing the old service station and constructing a new facility in its place.[6] The courts below erred in holding otherwise. We must reverse.

*1344 DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and judgment is entered herein in favor of Shell Oil Company and against plaintiffs dismissing their suit at their cost.
NOTES
[*] Dennis, J., would grant a rehearing.
[1] Patricia McCarthy, wife of Neal Pendleton; Jacquelin Ann DeLaune, wife of Gerald DeLaune; Virginia Fremaux, wife of L. C. Soileau, III; Rosemary Fremaux, wife of Robert Schlicher, Jr.; and Edward C. Fremaux.
[2] Mr. McCarthy purchased the undeveloped property at a tax sale in 1954 for $400. Subsequently, he executed a counterletter declaring that Edna C. Neely was the owner of an undivided one-half interest in said property. Plaintiffs are the heirs of the original co-owners.
[3] 399 So.2d 1276 (La.App. 4th Cir. 1981).
[4] 404 So.2d 1258 (La.1981).
[5] That the 1969 lease is a ground lease is clear from the provisions of paragraph 1 which describe the leased premises as a portion of ground "together with all rights, privileges and appurtenances thereto." The meaning of the term "appurtenances" must be gleaned from the context in which it is used. Here it is used with reference to rights and privileges and, thus, does not comprehend buildings but is confined to incorporeal rights, such as servitudes.
[6] In the alternative, Shell contends that even assuming ownership of the building vested in plaintiffs at the termination of the 1957 lease on July 31, 1969, Shell had the right to demolish the building. Paragraph 4 of the 1969 lease provides:

4. PERMIT-TITLE-POSSESSION. Lessor shall, at Lessor's expense, promptly apply for and diligently endeavor to obtain all necessary legal permission to use the premises for, and to construct thereon, an automobile service station in accordance with Shell's plans and specifications. Within SIXTY (60) days after obtaining such permission, Lessor shall, at Lessor's expense, clear the title to the premises from all liens, encumbrances, restrictions and other defects, and deliver to Shell possession of the premises, cleared of all structures, personal property and debris. In default of any of the foregoing, Shell may obtain such legal permission (in its or Lessor's name) and/or clear the title and/or take possession of and clear the premises, and charge to Lessor all costs incurred thereby, or may terminate this Lease by giving Lessor notice.
Shell argues that under the terms of this paragraph, plaintiffs were obligated to "deliver to Shell possession of the premises, cleared of all structures, personal property and debris" or, in default thereof, Shell had the right to "clear the premises." At the commencement of the 1969 lease (August 1, 1969), the only structure on the premises was the service station building constructed by Shell in 1959. Therefore, by demolishing the building. Shell simply cleared the premises as it had a right to do under paragraph 4. Since we find that Shell retained ownership of the building under the terms of the 1957 lease and did not breach the 1969 lease by demolishing it and constructing a new facility in its place, we need not reach the merits of this contention.