458 So.2d 179 (1984)
NATIONAL BENCH ADVERTISING, INC.
v.
PARISH OF JEFFERSON.
No. 84-CA-40.
Court of Appeal of Louisiana, Fifth Circuit.
October 11, 1984.
*180 Harvey Green, Metairie, for plaintiff-appellant.
H. A. Vondenstein, Alvin J. Dupre, Jr., John Brooks, Gretna, for defendant-appellee.
Before CURRAULT, GAUDIN and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal from a judgment of the trial court in a suit for breach of contract holding that the defendant (Parish of Jefferson) had the right to terminate a contract with the plaintiff (National Bench Advertising), because the contract had expired by its own terms.
The formative stages of this matter began sometime in July of 1972, when the Jefferson Parish Council passed an ordinance authorizing the Parish to enter into a contract with John A. Amesbury, Jr., for the exclusive franchise to place benches at various bus stop locations in Jefferson Parish for the purpose of advertising. Subsequent to the passage of this ordinance, the above referenced parties entered into a three year contract. The terms of this contract provided for an option which had to be executed upon mutual consent, which would extend the original contract for an additional three year period.
In November of 1973, the Parish Council approved a resolution authorizing Mr. Amesbury's Sale and assignment of the original contract to the plaintiff. After the plaintiff obtained the franchise by assignment in September of 1974, the Parish Council, pursuant to plaintiff's written request, extended the franchise for an additional three year period. Plaintiff continued to operate the franchise business past the designated three year period as set out in the contract approved by the Jefferson Parish Council.
During the period from 1978 through 1980, defendant never received any written request for extending or exercising an additional three year option from the plaintiff, therefore defendant asserts that the franchise agreement which existed then *181 was now void of any enforceable provisions.
In February of 1981, the Jefferson Parish Council granted the exclusive franchise for the placement of bus stop benches at various parish locations to Arnaud A. Delle d/b/a Bus Bench Graphics and repealed all ordinances and resolutions which may be in conflict.
The plaintiff was then advised that the franchise had been awarded to another party; to remove its benches, and reminded of the fact that the three year contract extension of September, 1974, had expired for failure to be properly executed.
The plaintiff argues that the bid procedure followed by the Parish of Jefferson in awarding the bus bench franchise to Bus Bench Graphics was invalid and the decision of the trial court is void of any legal validity. We disagree and accordingly, affirm the judgment of the trial court.
Relative to the issue surrounding the invalidity of the bid, we find no error in the Parish procedure. The State law requires only that the proper advertisement take place. See: LSA-R.S. 38:2211, et seq. The Parish notifies parties of prospective bids as a courtesy and then only if that individual has requested to be placed on the Parish's mailing list.
La.C.C. Art. 1779 states the four requisites of a valid contract:
1.) competent parties,
2.) their consent
3.) a certain object, and
4.) a lawful purpose.
We find each of these elements were met in this case, forming a valid contract or "franchise agreement" between the plaintiff and defendant. The record reveals that the plaintiff failed to execute the option provision within the time period prescribed in the contract.
It is well settled law that a contract between parties is binding and valid between them and the courts are obligated to give legal effect to such contracts according to the true intent of the parties. LSA-C.C. Art. 1945; Rebstock v. Birthright Oil & Gas Co., 406 So.2d 636 (La.App. 1st Cir.1981) and Pendleton v. Shell Oil Co., 408 So.2d 1341 (La.1982).
The full text of the original contract between the parties dated July 17, 1972 is controlling in this matter. Part 9 of this contract reads as follows:
"9This exclusive franchise and the rights and privileges herein granted shall remain in force and effect for a term of three years from the 17th day of July, 1972, and may be extended for additional three year periods by mutual consent of the parties hereto upon written request by CONTRACTOR TO PARISH submitted prior to 90 days before the regular termination date." (Emphasis added)
As the record reflects prior to the regular termination date which would have been July 16, 1975, plaintiff in accordance with the terms of the contract submitted a written request for a three year extension. On September 5, 1974, the Parish Council, pursuant to plaintiff's written request, approved Resolution No. 24303 and thereby extended said contract for an additional three year period; said period being July 17, 1975, through July 16, 1978.
Subsequent thereto the record is totally void of any further written extension request by plaintiff. Plaintiff, certainly cognizant of its obligation under the contract as evidenced by its previous written request for an extension, never again submitted a written request for an extension. Therefore on July 16, 1978, the contract between plaintiff and Jefferson Parish terminated under its own terms.
The plaintiff alleges that since the defendant continued to receive and deposit checks from plaintiff during the dormant period of the contract, this would support the proposition that plaintiff and Jefferson Parish mutually consented to a new three year extension of the contract. We disagree. The contract at issue terminated by its own terms. Plaintiff, failed in its own obligation to submit a written request for an extension now seeks to have us extend *182 the contract by finding that the parties somehow implied their intentions to do so. The evidence before us simply does not support such a finding.
What the record does support is that subsequent to the termination of the contract the Parish Council, in full compliance with Louisiana Public Bid Law, sought and obtained new bids and plaintiff simply failed to bid.
It is axiomatic that agreements legally entered into have the effect of law upon the parties thereto, and courts are judicially bound to give legal effect to these agreements according to the true intent of the parties, as generally determined by the words of the contract when these are clear and specific, La.C.C. Articles 1901 and 1945; Snedegar v. Noel Estate, Inc., 438 So.2d 677 (La.App. 2nd Cir.1983). Furthermore, because a court may not impute to the parties the use of language without meaning or effect, some effect must be given to every word or clause in the contract, Lambert v. Maryland Casualty Company, 418 So.2d 553 (La.1982).
We find the franchise contract at issue is unambiguous and imports a clear and understandable agreement between the parties. The plaintiff simply failed to submit a written request implementing the option for an extension as mandated in the contract. Furthermore, we find no legal error in advertisement and bid procedure relative to this matter.
Accordingly and based upon the entirety of this record, we agree with the trial court. For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.