WARD, Judge.
The issues in this appeal are whether a property owner who evicts his lessee must also cite sublessees in the summary eviction proceedings or, if citation is not required, whether the owner must give notice to vacate the premises to sublessees. We hold that if sublessees have no lease agreement with the owner, they need not be cited in the suit for eviction but that they are entitled to notice to vacate. We therefore reverse the Trial Court’s judgment that the sublessees have no cause of action against the owner for damages for eviction without notice.
These issues arose when Dr. and Mrs. Jackson A. Smith brought an eviction suit against Richard L. Strahan and William J. *672 Lowney who had leased an apartment building at 815 Dauphine Street from the Smiths. A judgment of eviction was rendered against Strahan and Lowney on February 27, 1985, and a writ of ejectment issued directing the Orleans Parish Civil Sheriff to eject the lessees and place the Smiths in full possession of the premises.
On the morning of March 5, 1985, the sheriffs deputies, accompanied by representatives of the Smiths, executed the writ. They found Father John Shataka, Rafael Defalco, Marvin Ginn, John Lewis and David Labonte occupying various apartments subleased from Strahan and Low-ney. The deputies removed the five subles-sees and their belongings from the premises.
Three days later the sublessees filed a suit for damages against Dr. and Mrs. Smith. Each sublessee alleged that due to the eviction he sustained $200,000.00 in damages for mental pain, embarrassment and humiliation as well as itemized damages for loss of personal property removed from his respective living quarters. The sublessees alleged, and we must accept as true for review of the exception of no cause of action, that the eviction was carried out by agents of the owners and with their approval and that the sublessees received no notice of any kind prior to the eviction despite the fact that they subleased their apartments with the owners’ knowledge.
The Trial Judge sustained the owners’ exception of no cause of action, stating as his reasons for judgment:
Plaintiffs derive their right of occupancy from their lessor. The owner of the premises need proceed only against his lessee. The sublessees are not entitled to process or notice of the eviction.
If the plaintiffs in this case have a claim it is not against defendants herein, but against their lessor for breach of his warranty of peaceable possession.
We agree that sublessees are not entitled to service of process of the owner-lessor’s suit for eviction of the primary lessee unless the sublessees derive their right of occupancy directly from the owner. Pendleton v. Shell Oil Co., 399 So.2d 1276 (La.App. 4th Cir.1981), reversed on other grounds 408 So.2d 1341 (La.1982); Miles v. Kilgore, 191 So. 556 (La.App. 2nd Cir.1939), cert. denied. Although the sublessees allege in their petition that they leased the property from Strahan and Lowney with the “full knowledge” of the Smiths, they allege no agreement directly with the lessors. Accordingly, Dr. and Mrs. Smith, the lessors, did not have to serve process upon the sublessees in the summary eviction of Strahan and Lowney.
We find, however, that the intent of the statutory provisions regarding eviction is that notice to vacate the premises must be given to the party whose right of occupancy is being affected, in this case, the subles-sees. Code of Civil Procedure Article 4701 provides:
When a lessee’s right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, nonpayment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
Article 4704 defines “lessee” to include “a sublessee, whether the person seeking to evict is a lessor or sublessor_” Therefore, plaintiff sublessees in this case are “lessees” who are entitled to notice under Article 4701. This interpretation is reinforced by the provisions of Article 4702 which require that an evicting owner deliver written notice to vacate to “occupants,” persons who have less legal right to be on the premises than sublessees.
Owners of property must be given a procedure for expeditiously recovering possession of premises when a lessee’s right of occupancy has ceased. Our Code of Civil Procedure fulfills that need while its notice requirements safeguard the rights of those who occupy leased premises. We believe that requiring notice to vacate fulfills the statutory intent, fairly balancing the interests of owners and those of sublessees.
*673 Accordingly, we hold that an owner-lessor who seeks to obtain possession of premises by eviction must give written notice to vacate as provided by statute to sublessees who occupy the premises. The notice need not name each sublessee individually, and as provided by Article 4703, the notice may be attached to the door of the premises.
As the Trial Judge correctly noted, the sublessees may have a cause of action against their lessor, the primary lessee. The notice we require from the owner-lessor and the concomittant cause of action for eviction without notice have no effect upon the sublessee’s claim against their lessors.
For the foregoing reasons, we hold that the sublessees in this case have stated a cause of action against the lessor for damages for eviction without notice. We, therefore, reverse the judgment of the Trial Court dismissing the sublessees’ suit and remand the case for further proceedings.
REVERSED AND REMANDED.