508 So.2d 123 (1987)
Edmond and Amy M. BROWN
v.
Charles GARIC, III d/b/a Orlandia.
No. CA-7122.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
*124 R.A. Osborn, Jr., Molaison, Osborn, Starr, Gretna, for plaintiff-appellant.
Before SCHOTT, CIACCIO and ARMSTRONG, JJ.
SCHOTT, Judge.
This is an action for the loss of plaintiffs' personal property which was stolen while stored in a self-service storage unit operated by defendant. The trial judge made an award to plaintiffs on the basis that a clause in the contract insulating the owner against liability for the loss was "unconscionable and therefore unenforcable." Defendant has appealed.
On February 1, 1984 plaintiffs entered into a written contract with defendant for the rental of a self-service storage unit and placed some personal property in the unit. In December, 1985 plaintiffs visited the unit and discovered that the unit had been broken into and a washer, a dryer, and baby's playpen had been stolen. The rental agreement contained this provision:
"Owner shall not be liable for losses or damages resulting from theft...."
The agreement between the parties was governed by the Self-Service Storage Facility Act, LSA-R.S. 9:4756 et seq., adopted by Act 506 of 1981. Under its terms the relationship between the parties is that of lessor-lessee and the facility is not considered a warehouse. § 4757(1). The act also authorizes the parties to enter into an agreement to regulate the use of the storage facility. § 4757(4).
We find no support for the proposition that the quoted clause is uneforceable because unconscionable. On the contrary, the act intends for the parties to be free to incorporate into their contract whatever provisions they chose. The words of the agreement are clear, and plaintiffs are bound by it.
In passing this act the legislature made it possible for the operator to offer storage space which would be available to the customer without any restriction. The customer is free to store anything he wants, he enjoys complete privacy in his use of the space, and it is always accessible to him. If the operator were, in effect, the insurer of the contents, his liability would be unlimited and such a facility could not be operated economically or made available to the public at a realistic price.
Accordingly the judgment appealed from is reversed and set aside. There is judgment in favor of defendant dismissing plaintiffs' suit at their cost.
REVERSED AND RENDERED.