GAUDIN, Judge.
This declaratory judgment suit was filed by several Tastee Donut, Inc. franchise owners. They were unhappy because the parent corporation required them to pay an extra two per cent of its gross sales if they chose to sell small hamburgers called Kast-leburgers.
The trial judge ruled in favor of Tastee Donuts, saying that the small hamburger program was not a part of the original franchise agreements and that the parent corporation could require that an addendum to the contracts, calling for four per cent instead of two to cover increased advertising costs, be executed if an outlet store decided to handle Kastleburgers.
Being unconvinced that the district court erred, we affirm the May 7,1987 declaratory judgment of the 24th Judicial District Court.
The franchise owners appealed, contending that they were legally entitled, by contract, to sell all of Tastee Donut’s products at two per cent.
The agreements required Tastee Donuts to provide “donuts, beverages and related products” to the franchises. The trial judge decided that small hamburgers were not related to donuts and beverages. Accordingly, the parent corporation’s decision to sell Kastleburgers in donut shops was a new and novel sales concept and not within the intent or scope of the original contracts.
Appellants argue that “related products” is not defined in the agreements, and that such ambiguity should be construed against Tastee Donuts, which prepared the contracts.
However, several franchise owners testified that they never envisioned selling anything but donuts and non-alcoholic beverages when the contracts were signed. Tastee Donuts encouraged but did not require a franchise owner to sell the small hamburgers. If they did opt to handle Kastlebur-gers, they then had to execute the four per cent addendum.
According to the declaratory judgment, a franchise owner could at any time withdraw from the small hamburger program and automatically revert back to the original two per cent advertising fee.
Each plaintiff testified that their gross sales had increased with the implementation of the well-advertised Kastleburger process.
The franchise owners, in their brief, state that there is a complete lack of Louisiana jurisprudence on the subject of franchises and the contractural relationship between the parties to the agreement. Appellants cite several out-of-state federal decisions and they also quote an author by the name of Harold Brown, who wrote Franchising Realities and Remedies, allegedly a frequently cited publication. In any event, Brown wrote:
“In most franchise arrangements, the obligations of the franchisor are either entirely absent, or couched in ambiguous *1362 terms, or subject to vague and imperfect undertaking. For example, the franchisor will promise to provide such supervisory services as it ‘may deem advisable’ from time to time ... In most every case, however, the obligations of the franchisee are spelled out with painstaking care.”
Here, however, Tastee Donuts’ responsibilities are fairly well articulated in the franchise agreements. The parent company is required to provide (a) advice and assistance in the procurement of real estate, (b) construction plans and specifications, (c) a management training program, (d) use of the Tastee Donut trademarks and trade names, (e) shop opening supervision, (f) business manuals, (g) accounting forms and assistance, (h) supervisory and consultation services, (i) continuing advertising of and promotion of Tastee Donut products, etc. And, of course, the parent corporation has to provide its franchise outlets with “donuts, beverages and related products.”
A franchise agreement is a contract between parties, binding and valid, and courts are obligated to give legal effect to such pacts according to the true intent of the participants. See National Bench Advertising v. Jefferson Parish, 458 So.2d 179 (La.App. 5th Cir.1984), and eases cited therein on page 181. Also see LSA-C.C. art. 1945, which states in pertinent part:
“... courts are bound to give legal effect to all such contracts according to the true intent of all the parties.”
The true intent of the Tastee Donut agreements, as found by the trial judge, was for Tastee to provide donuts, beverages and related products but not small hamburgers. We cannot say, considering the testimony and documentary evidence, that this finding was erroneous or that it was not supported by the record.
During the trial, appellants sought to introduce the deposition of Burgess McCra-nie, Tastee Donut’s representative who was neither present in court nor subpoenaed. While a trial judge has wide discretion in such matters, he or she is guided by LSA-C.C.P. art. 1450. It appears that under section (2), the deposition could have been admitted.
We have read the deposition in question. If the trial judge abused his discretion in excluding the deposition, the error was harmless. It does not appear likely that the content of the deposition would have altered the trial court’s decision.
Tastee Donuts answered the appeal, saying the trial judge erred in making increased advertising fees payable upon (1) commencement of sales of small hamburgers or (2) April 2, 1987, whichever occurs last. We find no error in this segment of the judgment.
Finally, we note that the franchise agreements signed by the various plaintiffs were not exactly synonymous. However, the key wording is basically the same.
We affirm the judgment appealed from with plaintiffs-appellants to bear costs.
AFFIRMED.