PRESTON H. HUFFT, Judge Pro Tem.
The case at hand arises from the loss of personal property from a “mini-storage” unit. The plaintiff, Susan Cavet, leased such a unit from Self-Service Storage & Mini-Warehouse (Self-Service). The defendant, Clark Taylor, was doing business as Self Storage.
The plaintiff purchased a lock from the defendant and placed her goods in the rented unit. During one of several checks she made on her goods, plaintiff discovered several pieces of missing furniture. There was no sign of forcible entry. A police report was filed. Plaintiff then purchased another lock from a third party and placed it on the storage unit. Returning to the unit approximately two weeks later, plaintiff once again entered the unit to find more of her furniture missing. Again a police report was filed, and there was no sign of forcible entry. At the suggestion of the police officer, the plaintiff replaced the key operated padlocks with a rotary style combination lock. The officer suggested that such type of lock could not be as easily picked. There were no further thefts.
The plaintiff brought suit against Clark Taylor and Self-Service to recover the value of her stolen property which she values at $2,250.00. She stated that she placed her goods in this particular storage unit solely because of its advertisement in the Yellow Pages which asserted that the facility had an alarm and manager on the premises. She argues in her petition that the alarm system was not working and the manager was not on duty at the time of the thefts. She cannot, however, state the times of the incidents.
Evidence at trial consisted of testimony given by the plaintiff and her brother-in-law, who helped her move her belongings into the unit.
The trial judge found for the plaintiff in the amount of $2,250.00. In his reasons for judgment, the trial judge stated that the witnesses were credible and their testimony established that the defendant’s representations made in the Yellow Page ad were not met and for this reason plaintiff was entitled to a judgment in her favor. The defendant has appealed alleging that the trial court erred in finding that alarm protection and a resident manager were not provided, that the absence of alarm protection and a resident manager was the proxi *911 mate cause of the loss suffered by the plaintiff, and that Clark Taylor was liable on the showing made.
The relationship between the parties is governed by LSA-R.S. 9:4756, known as the “Self-Service Storage Facility Act”. This act provides that a self-storage facility is not considered a warehouse subject to Title 10 of the Revised Statutes. This act further allows that the parties may modify the terms of the rental agreement as the parties please through written or oral agreement. In the pleadings and in testimony, both parties refer to a lease between the plaintiff and defendant. In his answer, the defendant alleges that paragraph seven (7) of the lease at issue states that all property stored in the storage facility was at plaintiffs sole risk and that she further agreed to assume responsibility for the premises’ condition and release the defendant from liability for any loss or damage to such property. The record does not contain this lease or any such agreement.
A case analogous to that at hand is Brown v. Garic, 508 So.2d 123 (La.App. 4th Cir.1987). In Brown, supra, action was brought for loss of personal property stolen from a self-service storage unit. The trial court found the defendant liable, holding that a clause contained in the rental agreement insulating the owner against loss or damage to plaintiffs property was unconscionable and unenforceable. This Court disagreed and overruled the trial court's decision. The court held that under LSA-R.S. 9:4756 et seq. the relationship of the parties is that of lessor-lesee, the facility is not considered a warehouse, and § 4757(4) authorizes the parties to enter into agreements, such as the one in question, to regulate the use of the facility. The court further stated as follows:
In passing this act the legislature made it possible for the operator to offer storage space which would be available to the customer without any restriction. The customer is free to store anything he wants, he enjoys complete privacy in his use of the space, and it is always accessible to him. If the operator were, in effect, the insurer of the contents, his liability would be unlimited and such a facility could not be operated economically or made available to the public at a realistic price. [Emphasis added].
Thus, while the agreement in the case at bar is not in the record, the relationship between the parties under Brown, supra, would be that of lessor-lessee and not the insurer of the rental property’s contents.
Plaintiff appears to be arguing that because the defendant offered a resident manager and an alarm system he agreed to be the insurer of her goods. This is an incorrect assumption. The ad proffered by plaintiff merely states the existence of such security measures. Nowhere does it guarantee the safety of goods stored in the facility. Furthermore, plaintiff never states in her testimony that the alarm system didn’t work or that the manager was not on duty at the time of the thefts, nor is there evidence in the record to that effect.
The trial judge may not infer that the defendant undertook the task of insuring plaintiff’s goods while stored at his facility. There is no evidence in the record that the defendant did so. The evidence only shows that the plaintiff leased storage space from the defendant who offered a resident manager and an alarm system, and that thefts occurred while her goods were in this space. The judgment appealed from is clearly wrong and is reversed.
REVERSED.