| gJAMES L. CANNELLA, Judge.
The Plaintiff, Danny Lathers, Jr., appeals from a summary judgment in favor of the Defendants, U-Haul Co. of Louisiana (U-Haul) and Republic Western Insurance Company (Republic). We affirm.
In late 1999 or early 2000, the Plaintiff contracted with the Oakwood U-Haul Center in Gretna, Louisiana to store his belongings in a self-storage unit on a month to month basis. He had just separated from his girlfriend and moved out of their apartment. He also obtained an insurance policy through Republic, insuring the contents of the unit.
Shortly after the Plaintiff rented the unit, he became delinquent in his payments. Pursuant to the Louisiana Self-Storage Act, La.R.S. 9:4756 et seq., U-Haul acquired a lien on the movables within the unit and replaced the Plaintiffs lock with one of its own. The Plaintiff thereafter paid the back rent. The Defendant *840 removed its lock and the Plaintiff put another lock on the door. Several weeks later, the Plaintiff entered his unit to remove some items using his key. He did not notice anything out of the ordinary and he locked the door when he left. The Plaintiff claims that when he returned on April 7, 2000, the door was still locked, but there was a tag on his lock stating that the lock was | ¡improperly locked. After using his key to enter the unit, he discovered $14,000 worth of items missing. He informed the manager and reported the incident to the police. The Plaintiff also made a claim with the Defendants for the loss, which was denied.
On March 30, 2001, the Plaintiff sued the Defendants, claiming U-Haul was negligent and liable for the losses. On January 27, 2001, the Defendants filed a Motion for Summary Judgment, denying liability on the basis of the U-Haul contract and an exclusion contained in the Republic policy. The trial judge held a hearing on September 3, 2003. On September 12, 2003, he rendered a judgment granting the motion.
On appeal, the Plaintiff contends that the trial judge erred in granting the motion for summary judgment because there are material issues of fact in dispute and the policy exclusion should not apply under these facts.
The Plaintiff first contends that there are material issues of fact in dispute as to whether U-Haul had knowledge that they have a significant security problem at that location. He produced evidence of thefts and burglaries at that U-Haul location both before and after the theft of his belongings. Second, he contends that the policy provision requiring evidence of forced entry in order for the claim to be covered should not apply, because U-Haul negligently placed a tag on the lock publicizing the fact that the unit was not properly locked.
The relationship between the Plaintiff and U-Haul is governed by the Self-Service Storage Facility Act, La.R.S. 9:4756, et seq. and is that of lessor and lessee.[1] The parties to a self-storage contract can freely modify the terms of the rental agreement through written or oral agreement. See: La.R.S. 9:4760; Brown v. Garic, 508 So.2d 123, 124 (La.App. 4th Cir.1987); Cavet v. Taylor, 559 So.2d 910, 911 (La.App. 4th Cir.1990). In Brown, the court stated that the purpose of the Act is to allow a storage operator to offer space which is available to the customer without restriction, giving the customer full privacy, the right to store anything, and providing unlimited access to the unit. Brown, 508 So.2d at 124. Based on that purpose, the courts in Cavet and Brown held that a storage facility is not an insurer of the contents of the rental property. Brown, 508 So.2d at 124; Cavet, 559 So.2d at 911. In Cavet,
The plaintiff purchased a lock from the defendant and placed her goods in the rented unit. During one of several checks she made on her goods, plaintiff discovered several pieces of missing furniture. There was no sign of forcible entry. A police report was filed. Plaintiff then purchased another lock from a third party and placed it on the storage unit. Returning to the unit approximately two weeks later, plaintiff once again entered the unit to find more of her furniture missing. Again a police report was filed, and there was no sign of forcible entry. At the suggestion of the police officer, the plaintiff replaced *841 the key operated padlocks with a rotary style combination lock.... There were no further thefts.
Cavet, 559 So.2d at 910. The plaintiff there argued that the lessor of the storage unit was liable because it offered a resident manager and an alarm system. The court disagreed, holding that the storage owner-operator was not liable for the theft of the plaintiffs property because it was not an insurer of lessee’s personal property. Cavet, 559 So.2d at 911.
In Brown, the issue was whether a contractual provision disclaiming its responsibility for losses or damage and stating that it was not the insurer of the storage space contents was unconscionable and unenforceable. The trial judge found that it was, but the Fourth Circuit reversed on the basis that, under La.R.S. 9:4756 et seq., the relationship of the parties is that of lessor-lessee, the facility is not considered a warehouse, and R.S. 9:4757(4) authorizes the parties to enter into such agreements to regulate the use of the facility. The court further stated that, “If the operator were, in effect, the insurer of the contents, his liability would be unlimited and such a facility could not be operated economically or made available lRto the public at a realistic price.” Brown, 508 So.2d at 124; See also, Cavet, 559 So.2d at 911.
This case is similar to Brown and Cavet. Here, the Plaintiff admits that he signed a contract with U-Haul. Although neither party was able to produce a copy of the agreement, the Defendants submitted an affidavit by its manager, Marty Martin, which stated that he had personal knowledge of the facts and policies and procedures of U-Haul, that he managed the property at the time of the incident overseeing the daily operations, including leasing the spaces, and that a copy of a contract attached to the affidavit was the same as the one signed by the Plaintiff. He further noted that the Plaintiff would not have been allowed to rent the space without signing the contract. The contract provides:
The property stored in the rental space is not is insured by owner-lessor against loss or damage. The occupant shall bear all risks of loss or damage to any and all personal property stored in the rental space. Any insurance protecting the personal property stored in the rental space against fire, theft or damage shall be provided by occupant.
Courts are bound to give legal effect to written contracts according to the true intent of the parties. La.C.C. art. 2045. This intent is to be determined by the words of the contract when they are clear, explicit and lead to no absurd consequences. Abadie v. Markey, 97-684, p. 6 (La.App. 5th Cir.3/11/98), 710 So.2d 327, 330. Furthermore, a lease forms the law between the parties and is to be enforced by the courts. Pendleton v. Shell Oil Company, 408 So.2d 1341, 1342 (La.1982); D & D Investments v. First Bank and Trust, 02-440, p. 9 (La.App. 5th Cir.10/29/02), 831 So.2d 488, 493.
We agree with the decisions in Brown and Cavet that U-Haul is not an insurer of the contents of the storage space. Therefore, the security risks at the facility are not relevant in this case. Furthermore, the Plaintiff signed a contract in which he agreed that U-Haul was not the insurer of his property and that he would |fibe responsible for any losses. The agreement is not ambiguous and he is bound by its terms. Thus, we find that the trial judge did not err in granting the summary judgment as to U-Haul.
LIABILITY OF REPUBLIC
The Plaintiff obtained an insurance policy covering the contents of the storage *842 unit. In Section 4., “Exclusions,” it states in part:
This policy does not insure:
[[Image here]]
B. Against loss or damage caused by or resulting from theft but this exclusion does not apply to loss by burglary or holdup. “Burglary” means the act of stealing property by forcible and illegal entry into a securely locked storage space evidenced by visible signs made by tools, explosive, electricity or chemicals of such forcible entry upon the exterior of the storage space. The mere absence of a lock or padlock will not constitute visible signs of forced entry. ...
The policy clearly and unambiguously excludes theft losses that are not evidenced by “visible signs” of forced entry. In Delta Decks, Inc. v. U.S. Fire Ins. Co., 463 So.2d 653, 655 (La.App. 4th Cir.1985), the court stated that limiting liability to proof of visible evidence of forced entry is not against public policy, and further noted that in the absence of conflict with laws or public policy, insurers have the right to limit their liability and impose whatever conditions they please upon their obligations under the policy. We agree.
Here, the- Plaintiff admits that there was no visible signs of forced entry and that he used his key to open the unit on April 7, 2000. He argues that the management of the facility was negligent in placing the tag on his lock, thereby notifying thieves that the unit was not properly locked. Regardless of the conduct of the U-Haul employees in tagging the lock, there was no evidence of forced entry of the unit. Therefore, under the policy, there is no coverage for the alleged theft under these circumstances. Thus, the trial judge did not err in granting the summary judgment in favor of Republic.
| ^Accordingly, the judgment of the trial court is hereby affirmed. Costs of this appeal are to be paid by the Plaintiff.
AFFIRMED.

. Under La.R.S. 9:4757(1), a self-storage facility is not considered a warehouse subjecting a warehouseman to the duty of care and liability for losses of goods, as set forth in the Louisiana Commercial Law, La.R.S. 10:7— 204.