DOUCET, Judge.
Plaintiff-appellant, Valentine Guidry, brought suit against Winn-Dixie of Louisiana, Inc. (Winn-Dixie) for personal injury damages resulting from plaintiff’s fall when she allegedly slipped on a foreign substance on the floor of defendant’s store. The matter was tried before a jury of twelve which found plaintiff to be 100% at fault for the injuries she sustained as a result of her fall, and found Winn-Dixie to be completely free from fault. Plaintiff then filed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. This motion was denied by the trial court. From these decisions, plaintiff now appeals.
FACTS
On December 26, 1985, plaintiff sustained personal injury when she fell while shopping at a Winn-Dixie store in Eunice, Louisiana. Plaintiff’s fall occurred near the end of the produce aisle at a point where a rack displaying plants was on the left side of the aisle and bagged potatoes were displayed on the right side of the aisle.
Plaintiff testified that she was wearing high heels and pushing a shopping cart and as she was about to turn at the end of the aisle, her left foot started slipping. She stated that she held on to the shopping cart in an effort to keep from falling, that her left foot hit the cart, and that she fell down in a sitting position with the cart on top of her.
Immediately after plaintiff’s fall, Belinda Goubert, her daughter, and Sandra Sue Doucet, a Winn-Dixie employee, came to plaintiff’s aid. Ms. Doucet told plaintiff to sit still until she got the manager. Shortly thereafter Gregory Vidrine, the manager, arrived on the scene. A stool was brought *1328 over and plaintiff was helped to a sitting position on the stool. After a few minutes plaintiff got up and completed her shopping.
Plaintiff testified that she didn’t remember telling Mr. Vidrine that she slipped and fell. She stated that she only remembered telling Mr. Vidrine that she fell. Plaintiff also testified that she told her daughter she slipped on something, and that her daughter pointed to a green substance on the floor while the two Winn-Dixie employees were present.
Belinda Goubert, plaintiffs daughter, testified that she was shopping with plaintiff and was walking ahead of plaintiff. She stated that she heard plaintiff fall, turned around, and saw plaintiff sitting on the floor with the shopping cart on top of her legs and feet. Ms. Goubert stated that plaintiff said she had slipped on something. She stated that she saw “something green” on the floor but she wasn’t sure what it was. She further stated that she pointed out the green substance to the two Winn-Dixie employees. On cross-examination, Ms. Goubert admitted that during a deposition held the week before the trial, she had stated that she was positive that the green substance on the floor was a grape. She then repeated her previous testimony that she was not sure what the green substance was.
Sandra Sue Doucet testified that she was working at the Winn-Dixie store on the date of plaintiff’s fall. She stated that at the time of the fall, she was standing approximately five feet away from where plaintiff fell. She stated that she saw plaintiff after she had begun falling and that plaintiff fell straight down with the shopping cart on top of her. Ms. Doucet testified that after the fall, neither plaintiff nor her daughter said anything to her about what caused the fall, and that neither of them pointed out any substance on the floor that plaintiff had slipped in. She stated that although she told the manager that plaintiff tripped and fell, she and the manager returned to the scene of the fall and looked carefully on the floor for anything plaintiff might have slipped on. Ms. Doucet stated that she was sure there was nothing on the floor where plaintiff fell. Ms. Doucet also stated that prior to trial she had been fired by Winn-Dixie.
Gregory Vidrine testified that he was employed as the manager of the Winn-Dix-ie store on the date of plaintiff’s fall there. He stated that as part of his duties as manager he filled out an accident report in connection with plaintiff’s fall. He stated that plaintiff explained to him that she had tripped, twisted her ankle, and fallen. He further testified that neither plaintiff nor her daughter said anything about plaintiff slipping in any green substance, and that neither of them pointed out any substance on the floor. Mr. Vidrine further testified that he and Ms. Doucet checked the floor where plaintiff fell to see if there was any foreign substance plaintiff could have slipped on. He stated that there was no doubt in his mind that there was no type of foreign substance on the floor where plaintiff fell. Mr. Vidrine stated that on the day after plaintiff's fall, plaintiff called and told him that she slipped in something prior to her fall. Mr. Vidrine also testified that his employment had been terminated by Winn-Dixie prior to trial of this matter.
After trial, the jury found plaintiff to be 100% at fault in causing her injuries and that Winn-Dixie was completely free from legal fault. Plaintiff then filed a motion for judgment notwithstanding the verdict and, in the alternative, for a new trial. This motion was denied by the trial court. Plaintiff now appeals, asserting two specifications of error: (1) The trial court erred in refusing to grant plaintiff’s motion for judgment notwithstanding the verdict and, in the alternative, for a new trial; and (2) The jury erred in finding defendant free from any fault in causing plaintiff’s accident and injuries.
SPECIFICATION OF ERROR NO. 2
By this specification of error plaintiff asserts that the jury erred in finding defen *1329 dant, Winn-Dixie of Louisiana, Inc., free from fault in causing plaintiffs accident and injuries. Plaintiff asserts that she established a prima facie case, through her testimony and her daughter’s testimony, that there was a green substance on the floor of the Winn-Dixie store upon which plaintiff slipped. We disagree.
In the instant case, the only evidence that plaintiff slipped in a green substance on the floor of the Winn-Dixie store was the plaintiffs testimony and the testimony of her daughter. This evidence was directly contradicted by the testimony of Ms. Doucet and Mr. Vidrine. The verdict in this case was rendered by a jury of twelve people who listened to all of the testimony and observed all the witnesses as they testified. In order for a prima facie case for plaintiff to be established, the jury had to be convinced that plaintiffs witnesses were credible and truthful.
In reviewing the instant case, we are guided by the principles of review set out by the Louisiana Supreme Court, which were articulated by this court in Lancaster v. Petroleum Corporation of Delaware, 491 So.2d 768 (La.App. 3rd Cir.1986):
“In Louisiana, jurisdiction of the appellate courts extends to both facts and law. Louisiana Constitution of 1974, Art. V, § 10(B). In regard to appellate review of factual determinations made by the trial court, it is clear that:
‘When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and infer-enees are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.’ Canter v. Koehring Company, 283 So.2d 716, at page 724 (La.1973).
However, the Louisiana Supreme Court has further stated that:
‘[t]he appellate review of facts is not completed by reading so much of the record as will reveal a reasonable factual basis for the finding in the trial court; there must be a further determination that the record establishes that the finding is not clearly wrong (manifestly erroneous).’ Arceneaux v. Domingue, 365 So.2d 1330, at page 1333 (La.1978).”
Accordingly, this court is obliged to give great weight to the factual conclusions of the jury as the trier of fact in the instant case. Since there is conflict in the testimony, the reasonable evaluations of credibility and reasonable inferences of fact made by the jury should not be disturbed by this court absent manifest error.
In finding plaintiff 100% at fault in causing her own injuries, the jury obviously concluded that plaintiff and her daughter, Belinda Goubert, were not credible witnesses. Likewise, the jury obviously concluded that Sandra Sue Doucet and Gregory Vid-rine were credible witnesses. A careful review of the record leads us to the conclusion that the evaluations of credibility and inferences of fact made by the jury in reaching these conclusions were reasonable and, therefore, should not be disturbed on appeal.
Belinda Goubert, plaintiff’s daughter, had accompanied plaintiff to the Winn-Dixie store on the day of plaintiff’s fall. Ms. Gaubert did not see plaintiff slip and fall, but only heard plaintiff when she had *1330 fallen. On cross-examination, Ms. Goubert was questioned regarding her use of medication. She stated that she had not taken any medication for a month prior to the trial. However, she then admitted that at a deposition taken the week prior to the trial, she had stated she was currently taking medication. Ms. Goubert became confused and eventually stated that she hadn’t taken any medication on that day only (the day of the trial).
Ms. Goubert also gave inconsistent testimony regarding the foreign substance that plaintiff allegedly slipped on. At trial she testified that she was not sure what the substance on the floor was which allegedly caused plaintiff to slip and fall. However, she then admitted that at the deposition taken the week prior to the trial she had testified she was positive the substance was a grape.
These inconsistencies in Ms. Goubert’s testimony and her obvious confusion on cross-examination support the jury’s conclusion that Ms. Goubert was less than credible and her testimony was less than believable.
Plaintiff was questioned on cross-examination concerning prior accidents she had been involved in and filed suit for. Plaintiff repeatedly denied an accident in which she was involved in 1979. In fact, she continued to deny that a lawsuit had been filed on her behalf in connection with the 1979 accident even after defense counsel introduced a record of the lawsuit into evidence. Plaintiff’s counsel finally was able to coax plaintiff into admitting her involvement in the accident on re-direct examination.
Additionally, defense counsel showed to plaintiff and later introduced into evidence a record of plaintiff’s bills for medication, which had been provided to him by plaintiff’s attorney. That record indicated that a prescription for Valium had been refilled for plaintiff twelve times in 1986. Plaintiff denied taking all of these drugs and having the prescription refilled that often. Plaintiff first testified at trial that she was not taking any medication prior to her fall in the Winn-Dixie store. Plaintiff then testified that she was taking Valium before her accident, but not regularly. Plaintiff then admitted that in a deposition taken six months before trial she had testified that she was not taking any kind of prescribed medication before her fall in the Winn-Dix-ie store.
Plaintiff, like her daughter, gave inconsistent testimony and was extremely confused. This supports the jury’s apparent finding that her testimony was less than credible.
The testimony of Ms. Doucet and Mr. Vidrine contradicted the testimony of plaintiff and her daughter. Both testified that on the day of plaintiff’s fall, neither plaintiff nor her daughter said anything about plaintiff having slipped in a green substance on the floor prior to her fall. Both testified that plaintiff’s daughter never pointed out any such substance on the floor. Both testified that they carefully inspected the area of the floor where plaintiff fell and that they were certain there was nothing on the floor. Ms. Doucet stated that she saw plaintiff as she was falling and described the fall as plaintiff tripping and going down, rather than slipping. Mr. Vidrine testified that, when he interviewed plaintiff after her fall in order to fill out an accident report, plaintiff stated that she had tripped, twisted her ankle, and fallen. He stated that on the following day, plaintiff called and claimed that she had slipped in something prior to her fall, rather than tripped. This is also reflected by a copy of the accident report introduced into evidence.
Additionally, both Ms. Doucet and Mr. Vidrine testified that they were fired from their employment with Winn-Dixie prior to the trial of this matter. This fact, along with the consistent testimony of these two witnesses provides great support for the jury’s apparent conclusion that these witnesses were objective and credible. Thus, we find that the evaluations of credibility *1331 and inferences of fact made by the jury in the instant case were reasonable and the record establishes that its finding was not manifestly erroneous.
This assignment of error lacks merit.
SPECIFICATION OF ERROR NO. 1
By this specification of error, plaintiff asserts that the trial court erred in refusing to grant plaintiff’s motion for judgment notwithstanding the verdict and, in the alternative, for a new trial.
This court in Campbell v. Mouton, 373 So.2d 237, 239 (La.App. 3rd Cir.1979) enunciated the standard for ruling on a motion for judgment notwithstanding the verdict. The court stated:
“This standard is succinctly stated in the following language penned by the U.S. Fifth Circuit Court of Appeal in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir.1969):
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.”
It is the duty of this court to determine whether the trial court’s denial of the motion for judgment notwithstanding the verdict was manifestly erroneous.
For the reasons stated in our discussion of Specification of Error Number 2, we find that there is substantial evidence opposed to the motion for judgment notwithstanding the verdict, such that the trial court’s denial of the motion was not manifestly erroneous.
The standard to be applied by the trial court in granting a motion for a new trial was discussed in Pellerin v. Tudor Construction Co., 414 So.2d 403, 406 (La.App. 1st Cir.), writ denied, 420 So.2d 455 (La. 1982), wherein the court stated:
“However, in a motion for a new trial, the trial judge is free to evaluate the evidence without favoring either party; he may draw his own inferences and conclusions, and may evaluate the credibility of the witnesses to determine if the jury has erred in giving too much credence to an unreliable witness. Thus, the standard for a motion for a new trial is not nearly as stringent as that’ for a directed verdict. This is rightfully so, inasmuch as a directed verdict deprives a party of his right to be heard by a jury, whereas granting a motion for a new trial merely gives the party an opportunity to present evidence to a second jury, since the first jury has returned an unauthorized or unjust verdict.”
Accordingly, the trial court in ruling on the motion for a new trial, was free to draw its own inferences and conclusions and evaluate the credibility of the witnesses. Obviously the trial court concluded that defendant’s witnesses were more credible than plaintiff’s witnesses. For the reasons stated in our discussion of Specification of Error Number 2, we find that the trial court was not clearly wrong in denying the motion for a new trial.
This specification of error lacks merit.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.