SAUNDERS, Judge.
This is an appeal brought by Robert Clarkson; his employer, Huey Smith, d/b/a Party Ice; and its insurer, Guaranty National Insurance Company, defendants-appellants herein, from the trial court’s judgment notwithstanding the verdict (JNOV), which overturned a 9 to 3 jury verdict. The jury found that Clarkson was not at fault in causing the accident between himself and Loumeida Fisher[1], plaintiff-appellant herein, which took place on May 21, 1990. The JNOV found both Fisher and Clarkson 50% at fault in causing the accident.
Clarkson appeals, contending that the trial court erred in granting the JNOV. Additionally, Fisher, by separate appeal, contends that the trial court erred in finding her 50% at fault in causing the accident. Finally, Fisher requests an increase in her damages for future loss of wages and general pain and suffering.
We find that the trial court was correct in granting the Judgment Notwithstanding the Verdict and affirm said judgment.
ASSIGNMENTS OF ERROR
The issue in this case is whether or not the trial court erred in granting a JNOV. Additionally, the Fishers, plaintiffs-appellants, contend that the trial court erred in its percentages of fault assigned to each party and that the damages awarded Loumeida Fisher were inadequate.
FACTS
This action arose as a result of an automobile/18-wheeler truck accident which occurred on May 21, 1990, on Highway 84, at its intersection with the driveway of the Super Value Grocery Store in Jonesville, Louisiana. Robert Clarkson, an employee of Party Ice, was making his daily delivery route delivering ice to various retail establishments from Alexandria to Monroe. Clarkson delivered ice to the Super Value store in Jonesville and thereafter continued on his delivery route traveling down the driveway of Super Value to its intersection with Highway 84, where he stopped his vehicle in order to determine if it was safe to enter the roadway. Clarkson's next delivery was east in the town of Jonesville, requiring him to make a right-hand turn on Highway 84, heading in an easterly direction.
Clarkson testified that before beginning his turn, he observed one car heading east in the right lane toward Jonesville and another car in a driveway some one hundred fifty yards to the west about to enter Highway 84. He allowed the first car to pass in front of him before entering the roadway in an easterly direction. When he had completed approximately three-quarters of his turn onto Highway 84, a passenger vehicle attempted to pass him and cut sharply in front of his 18-wheeler, hitting his front tire and bumper and careening into a ditch, eventually resting in a parking lot on the right side or southern side of Highway 84. As the passenger vehicle collided into his front fender, Clarkson noticed a car to the east heading toward the 18-wheeler in the distance.
Under Fisher’s version of the facts, subsequent to her turn onto Highway 84 from Fritz Street, approximately one hundred fifty yards to the west of defendant, defendant’s 18-wheeler pulled onto the highway into her path, causing her to veer to the left and collide with the truck.
*301 Loumeida Fisher, the operator of the passing vehicle, was injured in the accident and filed suit against Clarkson, his employer, and his employer’s insurer. The matter was tried before a jury on May 13, 1991, at which time the jury found that Clarkson was not at fault in causing the accident. The Fishers filed a motion for a JNOV, which was granted by the trial court, overturning the jury verdict and assessing fault at 50% against both Clarkson and Fisher. Additionally, the judgment of the trial court awarded damages in favor of the Fishers. Both the Fishers and Clarkson, Smith, and Guaranty National Ins. Co. appeal from the JNOV.
DISCUSSION
La.C.C.P. art. 1811 allows a judge, under limited circumstances, to set aside a jury verdict. The standard of proof by which a trial judge determines the propriety of a motion for JNOV under art. 1811 has been set forth by this Court in Campbell v. Mouton, 373 So.2d 237, 239 (La.App. 3d Cir.1979), on appeal after remand, 412 So.2d 191 (La.App. 3d Cir.1982), writ denied 415 So.2d 954 (La.1982), which quoted the following language of the United States Fifth Circuit Court of Appeal in Boeing v. Shipman, 411 F.2d 365 (5th Cir.1969), as follows:
On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence — not just that evidence which supports the non-mover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.
Likewise, in Silliker v. St. Landry Police Jury, 520 So.2d 880 (La.App. 3d Cir.1987), at page 884, this Court, in reviewing the grant of a JNOV, stated as follows:
“In applying this standard, the court cannot weigh the evidence, pass on the credibility of the witnesses, or substitute its judgment of the facts for that of the jury. Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4th Cir.1985), writ denied, 472 So.2d 921 (La.1985); Alumbaugh v. Montgomery Ward & Company, Inc., 492 So.2d 545 (La.App. 3rd Cir.1986), writ denied, 495 So.2d 304 (La.1986); Rougeau v. Commercial Union Insurance Co., 432 So.2d 1162 (La.App. 3rd Cir.1983), writ denied, 437 So.2d 1149 (La.1983); Campbell, supra.
Although the trial judge’s discretion is limited in applying this standard, in cases where virtually no factual dispute exists and no credibility determinations by the fact-finder are required, questions of existence of a duty, violation of that duty by the defendant, and assumption of the risk or contributory negligence by the plaintiff are legal questions, and within the province of the judge to decide. Rawls v. Damare, 377 So.2d 1376 (La.App. 4th Cir.1979), writ denied, 380 So.2d 72 (La.1980); Rougeau, supra.”
In this case, the critical issue for the jury to decide was whether or not Clarkson, the truck driver, entered the roadway and preempted the intersection prior to Fisher’s vehicle entering Highway 84 from Fritz Street. The jury was presented with two conflicting versions of the facts, one from the defendant, two eyewitnesses and his expert, and another from the plaintiff, a police officer, and her expert.
We must determine whether the trial court applied the proper standard in granting a Judgment Notwithstanding the Verdict and whether, under that standard, the jury’s finding that Fisher was solely at fault, was so unreasonable that a Judgment Notwithstanding the Verdict was warranted.
The trial court, at the outset, in his oral reasons for judgment, stated:
*302 “JUDGE: Alright. A rule of law, as I understand it, is that in granting a J.N.O.V. the Court must find that the evidence is such that a reasonable people can’t differ. Which — you kind of start with the premise that you got people — you got a jury and they agreed, you know. And this jury, as we recall, was a nine/three verdict. So there were some different — there was some different — but the vast majority was, of course, in the necessary majority, found no fault on Mr. — Mr. Clarkson.
[[Image here]]
The other part of the rule is the evidence should be construed in the light most favorable to those people against whom the motion is made.”
It is apparent from the above reasons for judgment that the trial court applied the proper standard in ruling upon the plaintiff’s motion for JNOV. The trial court, in continuing its reasons stated:
“I don’t think it’s — it’s reasonable to assume that — that Mr. Clarkson is without fault. Even placing this in the best light of the — of the defendant — placing it in his best light. I don’t think he — I think he should [sic] yielded the right of way. I think he made a bad choice also. I think they both made bad choices. There. Alright. I’m going to assign fault fifty/fifty.”
The trial court determined that the evidence and applicable law pointed so strongly in favor of the Fishers that reasonable men could not arrive at a contrary verdict.
Our appellate standard in reviewing a trial court’s grant of a JNOV, is set forth in Anderson v. New Orleans Public Service, 583 So.2d 829, 832 (La.1991).
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting the JNOV. This is done by using the aforementioned criteria just as the trial judge does in deciding whether to grant the motion or not, i.e. do the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict? If the answer to that question is in the affirmative, then the trial judge was correct in granting the motion. If, however, reasonable men in the exercise of impartial judgment might reach a different conclusion, then it was error to grant the motion and the jury verdict should be reinstated.
In assessing this case under the above criteria, we find that plaintiff had the burden to prove that she was on the favored roadway prior to the time that the defendant entered the roadway. Her testimony and that of her expert attest to this fact. The accident report, written by the police officer called to the scene of the accident, also shows that the defendant’s truck was in the beginning of his turn at the time of the impact, rather than having completed three quarters of his turn at the time of impact, as the defendant and his eye witnesses testified.
The plaintiff’s expert testified that the accident could not have happened as defendant and his witnesses testified, i.e., with the front of the tractor-trailer heading in an easterly direction. The plaintiff’s expert testified that the defendant’s truck cab, under his analysis, had to be facing in a northerly direction at the time of impact, merely beginning its easterly turn. Even the defendant’s expert admitted under cross-examination that he had made the following statements in a prior deposition. The plaintiff’s attorney stated:
“Doctor, as I was reading the question, ‘Was the second point about the driver of the truck his contributing factor for pulling into his lane?’ Your response, ‘Well, I think he should have observed these vehicles coming, both of them and not pulling into the lane when he did. I don’t think there’s — there’s any question that the vehicle on the highway had the right of way.’ Is that your answer?”
The defendant’s expert, Evans, responded in the affirmative to the above question.
Earlier in the same deposition the defendant’s expert stated as follows:
*303 “Answer, ‘Well, to be frank I think there was negligence on both parties, both drivers. Both drivers had negligence. The truck in pulling out into the road and the car in not being able to avoid it’ ... ”
Under the evidence presented, we find that the trial court was correct in finding that the jury was unreasonable in finding the plaintiff solely at fault in causing the accident. Upon the evidence presented, plaintiff carried her burden of proving that she was on the favored roadway prior to the defendant and had gained the right-of-way to the roadway prior to the accident. We find that the trial court correctly rendered a JNOV allocating 50% fault to each of the parties and thus, we affirm the judgment of the trial court.
Plaintiff contends that the trial court awarded her inadequate damages for future loss of wages and general pain and suffering. Plaintiff was awarded $80,-000.00 in general damages. The trial court denied future loss of wages due to its finding that her serious vision problem, unrelated to the accident, was her main impediment to finding gainful employment. After a review of the record, accompanying exhibits and appellate briefs, we find no abuse of discretion in the trial court’s award of damages to plaintiff, Loumeida Fisher, for future loss of wages and general pain and suffering.
Cost of this appeal and at the trial level are to be cast equally between Loumeida Fisher and Willie Fisher, plaintiffs, and Robert Clarkson, Huey Smith, d/b/a Party Ice, and its insurer, Guaranty National Insurance Company, defendants.
AFFIRMED.
DOMENGEAUX, C.J., dissents and assigns written reasons.

. Willie Fisher, Loumeida’s husband, is also a plaintiff and appellant in this action.