638 So.2d 684 (1994)
Robert B. KEATY d/b/a Keaty & Keaty, Plaintiffs-Appellants,
v.
MOSS MOTORS, INC., et al., Defendants-Appellees.
ROMCO, INC., Plaintiff-Appellant,
v.
Robert B. KEATY, Individually, Defendant-Appellee.
Nos. 93-1452, 93-1453.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
Rehearing Denied July 26, 1994.
*685 Eugene P. Redmann, New Orleans and William Neville Gee III, Lafayette, for Robert B. Keaty d/b/a Keaty & Keaty.
Anthony Jerome Fontana Jr., Abbeville, for Moss Motors, Inc. et al.
M. Candice Hattan and L. Lane Roy, Lafayette, for Romco.
John L. Glover and Clarence Michael Hart, Baton Rouge, for Mercedes-Benz of North America.
Before GUIDRY, C.J., and YELVERTON and WOODARD, JJ.
WOODARD, Judge.
This appeal involves two consolidated cases. The first involves warranty claims by Mr. Robert Keaty concerning a Mercedes-Benz vehicle against Romco, Inc., Moss Motors, Inc., and Mercedes-Benz of North America, Inc; the second was filed by Romco, Inc. against Mr. Keaty over a certain lease agreement on the vehicle.

FACTS
In January 1983, Mr. Robert Keaty leased a 1983 Mercedes-Benz 380 SEL from Romco, Inc. (ROMCO), who had purchased the vehicle from Moss Motors, Inc. (MOSS MOTORS), an authorized Mercedes-Benz dealer and repair facility. During the next year, the vehicle had a recurring problem with a radiator leak. On the first three occasions, Mercedes-Benz of North America, Inc. (MBNA) paid for the repairs under the express warranty. However, on the fourth and final occasion, Larry Stains, the MBNA technical representative, determined that the radiator support frame was bent approximately one-quarter of an inch toward the engine which allowed the engine fan to come into contact with the radiator under certain conditions such as emergency braking. He concluded that the damage was the result of some type of accident and MBNA declined to pay for this repair because it was not covered under the warranty. Mr. Keaty subsequently had the vehicle repaired at his expense.
On January 6, 1984, Mr. Keaty filed suit against Moss Motors and MBNA for redhibition. After Mr. Keaty had put approximately 6,000 miles on the vehicle, he returned it to Romco on December 9, 1985, which was prior to the expiration of the lease. Pursuant to the lease term governing "premature termination," Romco obtained the highest cash offer at wholesale. Mr. Keaty was notified but failed to submit written disapproval within five days and did not request a third party appraisal of the vehicle. The vehicle was sold for $24,500 in January 1986. Romco notified Mr. Keaty of the difference between the highest wholesale offer and the depreciated value of the vehicle and requested that he pay the amount outstanding pursuant to the lease agreement. When Mr. Keaty refused to make payment, Romco filed suit on March 19, 1986. On March 24, 1986, Mr. Keaty amended his petition to make a claim against Romco for an alleged breach of express and implied warranties.
On April 16, 1986, these two cases were consolidated. The consolidated cases were *686 tried before a jury in October 1992. At the conclusion of Mr. Keaty's case in chief, the trial court directed a verdict in favor of MBNA on all theories of recovery alleged by him except for claims under the express warranty. The jury returned a verdict finding that MBNA had breached its express warranty, that Moss Motors had breached its contract of repair, and that Romco had breached its lease agreement with Mr. Keaty. The jury awarded Mr. Keaty $8,770 for MBNA's breach, zero damages for Moss Motors' breach, and $18,200 for Romco's breach. The jury also found that Mr. Keaty had not breached the lease agreement with Romco. Timely motions for Judgment Notwithstanding the Verdict (JNOV) were filed by MBNA and Romco. On April 30, 1993, the trial court denied both motions of JNOV on the issue of liability, granted MBNA's JNOV as to damages, and denied Romco's JNOV as to damages.
Mr. Keaty appeals and asserts the following assignments of error: The trial court erred (1) in granting JNOV as to damages in favor of MBNA; (2) in failing to allow appellant to proceed under the theory of redhibition; and, (3) in not allowing appellant to argue for attorney's fees. Also, Romco appeals and asserts the following assignments of error: The trial court erred (1) in finding Romco liable to Mr. Keaty for breach of the lease; (2) in finding that Mr. Keaty was entitled to damages; and, (3) in failing to award Romco damages under the lease.

JNOV AS TO DAMAGES IN FAVOR OF MBNA
In reviewing a trial court's grant of JNOV, the appellate court must determine if the trial court committed manifest error by examining whether the facts and inferences pointed so strongly and overwhelmingly in favor of the moving party that reasonable men and women could not arrive at a contrary verdict. Fisher v. Clarkson, 613 So.2d 299 (La.App. 3 Cir.), writ denied, 615 So.2d 344 (La.1993).
Mr. Keaty introduced no evidence as to the costs of the repair which was made to the bent radiator support frame and radiator of the vehicle. He testified regarding loss of use of the vehicle for three to four weeks in 1983 and approximately one year between 1984 and 1985; however, during that year the vehicle was fully repaired, operational and available for use. He further testified that his brother leased him a car for $1,000 per month. He attempted to give testimony concerning airline tickets he allegedly purchased for transportation when the vehicle was not available, but the trial court sustained objections to that testimony. In discussing attorney's fees, he testified that he "probably had over a thousand hours" on the case. However, he presented no documents in the form of checks, receipts, contracts, estimates, repair orders, time sheets, and invoices to support his claim for damages for breach of warranty.
It is well settled that it is the plaintiff's burden to prove with legal certainty every item of damage claimed. Smith v. White, 411 So.2d 731 (La.App. 3 Cir.), writ denied, 413 So.2d 508 (La.1982). This burden must be borne by competent evidence showing the extent of damages and plaintiff's own uncorroborated personal estimate of loss is insufficient. Parker v. Dubus Engine Co., 563 So.2d 355 (La.App. 3 Cir.1990). Uncorroborated damages awarded by a jury must be reversed for plaintiff's failure to introduce sufficient and competent evidence. Id. The plaintiff clearly failed to meet the burden of proof necessary to recover damages against MBNA, and reasonable men and women could not have reached a contrary verdict. Thus, the trial court was not manifestly erroneous in granting MBNA's JNOV as to damages. Since Mr. Keaty cannot prove damages, his other two arguments regarding recovery under redhibition and attorney's fees are moot.

IS ROMCO LIABLE FOR BREACH OF IMPLIED WARRANTIES?
A contract represents the law between the parties. Pendleton v. Shell Oil Co., 408 So.2d 1341 (La.1982). Paragraph four of the lease agreement between Mr. Keaty and Romco contains a waiver of warranties:

*687 LESSOR MAKES NO EXPRESS OR IMPLIED WARRANTIES, GUARANTEES, CONDITIONS OR REPRESENTATIONS, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE WITH RESPECT TO THE VEHICLE OR THIS LEASE.
The lessee may, as a condition of the contract of lease, waive the implied warranties. Louisiana National Leasing Corporation v. ADF Service, Inc., 377 So.2d 92 (La.1979). In order to be effective, such waiver of warranty must satisfy three requirements: (1) be written in clear and unambiguous terms; (2) be contained in the contract; and, (3) either be brought to the attention of the buyer or explained to him. Prince v. Paretti Pontiac Company, Inc., 281 So.2d 112 (La.1973). In the case sub judice, the waiver of warranty was clear and unambiguous and was on the first page of the lease. Considering that Mr. Keaty is an attorney, the waiver of warranty was in block letters, and Mr. Keaty's signature is on the lease, there is sufficient evidence to find that the waiver was brought to his attention. Louisiana National Leasing Corporation, supra. We find that Romco was not liable for breach of implied warranties.

WHO IS RESPONSIBLE FOR BREACH OF THE KEATY-ROMCO LEASE?
There is nothing in the record to support a finding that Romco breached any of its obligations under the Keaty-Romco lease. Therefore, we reverse as manifestly erroneous the trial court's finding to the contrary and its award of damages to Mr. Robert Keaty.
Paragraph nine of the lease provides the lessee may terminate the lease by giving lessor thirty days notice in writing. Mr. Keaty did not provide such notice. Upon premature termination of the lease, Romco had an obligation to obtain the highest available cash offer at wholesale for the vehicle and to notify Mr. Keaty of the offer. That offer was $24,500. Mr. Keaty was so notified. Nevertheless, he failed to submit written disapproval within five days of the notice and did not request a third party appraisal of the vehicle, two of the options available to him under the contract.
According to paragraph nine of the lease, on premature termination, the lessee is obligated to receive the gain and/or pay the loss on the sale of the vehicle. The gain or loss on the sale would be "the difference between the highest wholesale cash offer received ... and the depreciated value...." According to Mr. Keaty's own calculations at trial, at the time of termination, the vehicle had a total depreciated value of $30,768.96. The difference between this amount and that for which the vehicle was sold was $6,268.96, a loss to Romco. Mr. Keaty had five days after receiving notice of this loss to make payment; however, he never made any payment to Romco and thus, breached the lease agreement.
Further, termination of the lease did not release the lessee from his obligation to pay all money then due to the lessor. The lessee was to pay each month's rent in advance on the first of the month. At the time of termination of the lease on December 9, 1985 when Mr. Keaty returned the vehicle to Romco, he had not paid his rent of $1,023.74 for the month of December. That amount remains outstanding and due.
We find that reasonable men and women in the exercise of impartial judgment could not reach different conclusions as to Mr. Keaty's breach of the lease agreement and resulting liability. Guidry v. Winn-Dixie of Louisiana, Inc., 546 So.2d 1326 (La.App. 3 Cir.1989). Thus, we find that the trial court was manifestly erroneous in denying Romco's JNOV as to liability under the lease agreement.
Finally, the lease provides that if the lessee fails to pay any rental payment in full on the first of the month or defaults in the performance of any other obligation in the lease, the lessee shall compensate the lessor for expenses of the default, including reasonable attorney fees. During the trial, counsel for Romco introduced into evidence his time records which indicated attorney's fees of approximately $12,000.

*688 CONCLUSION
We affirm the trial court's judgment granting MBNA's JNOV as to damages and dismissing Keaty's demands against MBNA. We affirm the dismissal of plaintiff-Keaty's suit against Moss Motors, Inc. We reverse the trial court's judgment in favor of Robert Keaty against Romco, Inc. and now order that Keaty's demands against Romco, Inc. be dismissed with prejudice. We reverse the judgment of the trial court insofar as it dismisses plaintiff-Romco's demands against Robert Keaty and order, adjudge and decree that there be judgment in favor of Romco, Inc. and against Robert B. Keaty in the full sum of $19,292.70 ($6,268.96 for the loss on the sale of the vehicle; $1,023.74 for rent due for the month of December 1985; and, $12,000 in attorney's fees) with judicial interest thereon from date of demand until paid. Robert B. Keaty is cast for all costs at the trial level and on appeal in these consolidated cases.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.