| íBROWN, C.J.,
Patrick-Miller Tractor Company, Inc., leased equipment to Troy A. McManus and Allen L. Lang, two Sabine Parish timber farmers, in August 1995. Both McManus and Lang leased a stumper from Patrick-Miller for a term of 36 and 42 months respectively. In the lease documents, Patrick-Miller assigned its interest in “all rentals and other payments paid, due or becoming due” to Ford New Holland Credit Company (hereinafter referred to as “New Holland Credit”) along with the right to collect the same, with no rights of recourse against Patrick-Miller in the event of non-payment by the lessees. As evidenced by the numerous repair invoices, the stumpers did not work as intended and McManus and Lang stopped making rental payments in late 1996. New Holland Credit filed suit against each lessee to collect the entirety of the amounts due under the leases, together with interest, attorney fees and costs.
Both McManus and Lang filed answers, alleging that the stumpers were defective, and made third party demands against Patrick-Miller and CTR Manufacturing, Inc., manufacturer/distributor of the stum-pers, for damages. Both Patrick-Miller and CTR Manufacturing have conceded that the stumpers were defective and unfit for their intended use. On February 24, 1998, New Holland Credit filed motions for summary judgment in both cases which were denied.
On April 9, 2001, the two suits were consolidated and on May 18, 2001, Mc-Manus and Lang filed motions for partial summary judgment, seeking a declaration by the court that warranty waivers in the leases were invalid and unenforceable. The trial court rendered partial summary lajudgment in favor of the lessees, Mc-Manus and Lang, holding that the waivers were invalid and that they could assert as an affirmative defense to New Holland Credit’s claims breach of the lessor’s warranty of fitness.
On October 18, 2001, New Holland Credit amended its pleadings, seeking damages from CTR Manufacturing and Patrick-Miller for economic losses sustained by New Holland Credit in the event that McManus and Lang were found to be not liable for rentals and other amounts due under the leases.
On January 28, 2002, McManus and Lang filed motions for summary judgment in their third party demands on the issue of liability against New Holland Credit, Patrick-Miller and CTR Manufacturing. On February 19, 2002, CTR Manufacturing filed exceptions of no cause of action and prescription in response to New Holland Credit’s recently asserted claim. On March 12, 2002, the trial court rendered a partial summary judgment, finding that the stumpers leased by McManus and Lang were defective and unsuitable for the purposes represented to them, ordering the leases rescinded and holding Patrick-Miller liable for the return of all lease payments made by McManus and Lang *1133 and for any other damages which they can show were suffered by them in the use and operation of the defective stumpers. The partial summary judgment further provided that McManus and Lang were entitled to judgment on their third party claims against Patrick-Miller for any amounts for which they may be cast in New Holland Credit’s suits against them. New Holland Credit has appealed from the trial court’s grant of summary judgment.
pin response to the exceptions filed by CTR Manufacturing, New Holland Credit filed a second supplemental and amending petition, alleging that its claim against CTR Manufacturing arose out of its security interest in the stumpers surrendered to it by McManus and Lang and that CTR Manufacturing was liable for any economic losses it may suffer.
On April 12, 2002, the trial court rendered judgment sustaining CTR Manufacturing’s exception of no cause of action, dismissing New Holland Credit’s claims with prejudice, and denying CTR Manufacturing’s exception of prescription as moot. New Holland Credit has appealed this judgment and CTR Manufacturing has answered the appeal.

Discussion

Warranty.

New Holland Credit first contends that the trial court erred in granting summary judgment in favor of the lessees, McManus and Lang, rescinding the lease agreements between them and Patrick-Miller. New Holland Credit’s recovery from McManus and Lang depends upon the validity of the lessee’s alleged waiver of the warranty of fitness.
Louisiana’s statutory lease warranty provisions are contained in La.C.C. art. 2695, which provides:
The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be bound to indemnify him for the same.
This provision applies to the lease of both immovables and movables. La.R.S. 9:3309; Walnut Equipment Leasing Co., Inc. v. Moreno, 26,004 (La.App.2d Cir.09/21/94), 643 So.2d 327; Equilease Corporation v. Hill, 290 So.2d 423 (La.App. 4th Cir.1974). As noted by this court in Walnut Equipment Leasing Co., Inc., supra, the implied warranty of article 2695 arises by operation of law in every contract of lease. This warranty may be dispensed with as a condition of the contract of lease and such waivers are not against Louisiana public policy. Tassin v. Slidell Mini-Storage, Inc., 396 So.2d 1261 (La.1981); Louisiana National Leasing Corporation v. ADF Service, Inc., 377 So.2d 92 (La.1979); Walnut Equipment Leasing Co., Inc., supra. To be effective, a waiver of warranty must be: (1) written in clear and unambiguous terms; (2) contained in a written contract; and (3) brought to the attention of the lessor or explained to him. Id.
According to both McManus and Lang, their leases were warranty leases; this was confirmed to them by Douglas Patrick of Patrick-Miller, who assured them that his dealership would honor the warranty. In his deposition, Patrick stated that the stumpers were warrantied by CTR Manufacturing as well as manufacturers of the components and that Patrick-Miller made numerous repairs to both machines pursuant to the warranty.
*1134 The lease form used by Patrick-Miller is printed on the front and back of one sheet of paper. The signature of both McManus and Lang appears on the front page of their respective lease. This front sheet contains neither wording nor bold type which would call attention to the waiver of warranty clause, which appears on page two, the back of the form, and reads as follows:
FORCE MAJEURE/NO CONSEQUENTIAL DAMAGES/WARRANTIES. Lessor shall not be liable for any failure or delay in delivering the Equipment or any item thereof, or in | .¡performing any provision hereof, due to fire or other casualty, labor, difficulty, governmental restriction or any cause beyond Lessor’s reasonable control. In no event shall Lessor be liable for any loss of profits, other consequential damages or inconvenience due to any theft, damage, loss, defect or failure of the Equipment or any item thereof or the time consumed in recovering, repairing, servicing or replacing the same and there shall be no abatement or apportionment of rental during such time. In this lease there are no express or implied warranties about the Equipment, including, without limitation, warranties of merchantability, suitability or fitness for a particular purpose.
The type size of paragraph nine is the same as the rest of the lease provisions and the wording is not prominent, nor is the use of bold for part of the provision distinctly different from the remainder of the document.[1]
In his affidavit, Douglas Patrick stated that this waiver provision was neither discussed with nor called to the attention of either lessee. To the contrary, Patrick related to McManus and Lang that the stumpers were warrantied by CTR Manufacturing and noted that if CTR failed to honor any aspect of the warranty, Patrick-Miller would stand behind the equipment. The evidence shows that Patrick-Miller did just that. Given Patrick’s verbal assurances regarding the quality of the warranty, neither lessee had any concern about any waiver provision that may have been in the pre-printed standard form lease document.
ROn the other hand, New Holland Credit introduced no evidence in opposition to lessees’ motions for summary judgment. There are no genuine issues of material fact and the failure of New Holland Credit to produce evidence of a factual dispute mandates the granting of the motion. La. C.C.P. arts. 966 and 1915. The written waiver was not effective and the lessees were entitled to rescission of their leases and release from their obligation to pay the sums due thereunder to Patrick-Miller and/or New Holland Credit.
Had the trial court found that the waiver met the three jurisprudential requirements for validity, which it did not, we nonetheless note that the lessor, Patrick-Miller, through Douglas Patrick, expressly warrantied the stumpers to the lessees, notwithstanding the lease provi *1135 sions to the contrary. This affirmative, material representation certainly qualified the written waivers, rendering them unenforceable. See Harvell v. Michelli, 500 So.2d 871 (La.App. 1st Cir.1986); Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258 (La.App.3d Cir.1982).

The manufacturer’s exception of no cause of action.

The exception of no cause of action is a peremptory exception, intended to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. La.C.C.P. art. 927; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993); Deal v. Lexing-Powell, 36,168 (La.App.2d Cir.08/16/02), 824 So.2d 541. In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. La. C.C.P. art. 931; Montalvo v. Sondes, 93-2813 (La.05/23/94), 637 So.2d 127; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Arledge v. Hendricks, 30,588 (La.App.2d Cir.06/26/98), 715 So.2d 135, writ denied, 98-2015 (La.11/20/98), 728 So.2d 1287.
New Holland Credit’s role in the original lease transactions was that of financier. Specifically, New Holland Credit is the assignee of “all rentals and other payments paid, due or becoming due” under the subject leases, along with the right to collect the same. New Holland Credit did not have a contractual claim against CTR Manufacturing as it was not in the “chain of purchase” of the equipment and there was no privity of contract between New Holland Credit and CTR Manufacturing.
Subsequent to their default, the lessees each surrendered the stumper in their possession to New Holland Credit. Therefore, its possession of the defective equipment was not by virtue of a sale, lease or assignment of rights, but by surrender of the items which were the subject of the security transactions financed by New Holland Credit. As such, New Holland Credit has no redhibitory or breach of warranty claim against CTR Manufacturing.
We likewise fail to find that New Holland Credit’s petition has stated a claim in tort. CTR Manufacturing sold the stumpers to its distributor, Patrick-Miller. The stumpers were leased by Patrick-Miller to McManus and Lang; at the same time, in the lease agreements signed by the individual lessees, Patrick-Miller assigned the rents and other amounts due under the leases to New Holland Credit. Commercial risks, such as that assumed by New Holland Credit when it entered into “no recourse” assignments with Patrick-Miller, are best addressed by insurance, contract or other business |splanning devices rather than by recognizing a cause of action for negligent interference with a contract. While CTR Manufacturing may be held responsible to Patrick-Miller, Mc-Manus and Lang in redhibition and for breach of warranty based upon the buyer-seller/lessor-lessee relationship between the parties, it is not the de facto insurer of New Holland Credit’s business/contractual dealings with Patrick-Miller. New Holland Credit’s remedy, if any, given that the assignments were without recourse, lies against the party with whom it contracted, Patrick-Miller.
Having found that the trial court did not err in granting CTR Manufacturing’s peremptory exception of no cause of action, we do not reach CTR Manufacturing’s assignment of error related to prescription.

*1136
Conclusion

For the reasons set forth above, the judgment of the trial court is AFFIRMED. Costs are assessed to New Holland Credit Company.

. In cases upholding waiver of warranty provisions, the facts surrounding the waiver showed that the lessee or buyer either actually read the waiver language in the lease or sales agreement or the waiver in writing was so prominent and unmistakable in larger block letters in full view of the signer such that the lessee or buyer could not have missed the waiver. See Walnut Equipment Leasing Co., Inc., supra; Ross v. Premier Imports, 96-2577 (La.App. 1st Cir. 11/07/97), 704 So.2d 17, writ denied, 97-3035 (La.02/13/98), 709 So.2d 750; Keaty v. Moss Motors, Inc., 93-1452 (La.App. 3d Cir.06/01/94), 638 So.2d 684, writ denied, 94-2211 (La.11/11/94), 644 So.2d 399; Business Credit Leasing, Inc. v. Lobman, Carnahan and Batt, 93-842 (La.App. 5th Cir.03/16/94), 635 So.2d 1196.